**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **A.M.**, a minor, By and through her Next Friend, **LISA MERRILL**, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**MONICA NAPIER, and** )<br>**JAMIE BOLIN d/b/a "THE WORKS** )<br>**SALON & BOUTIQUE"**, **L'OREAL** )<br>**USA INC.,** and **MATRIX,** )<br>)<br>Defendants. ) | Case Number   22-2225<br><br>**DEMAND FOR JURY TRIAL** |

SERVE:

Monica Napier
213 W Maple Street
Columbus, KS 66725

Jamie Bolin d/b/a The Works Salon & Boutique
213 W Maple Street
Columbus, KS 66725

L'Oreal USA Inc.
Attn:  Claims Dept. – Matrix Product
10 Hudson Yards
New York, NY  10001

Matrix
Attn:  Claims Dept. – Matrix Product
10 Hudson Yards
New York, NY  10001

1

## COMPLAINT

Plaintiff, A.M., a minor, by and through her Next Friend Lisa Merrill, files this complaint against Defendants Monica Napier, Jamie Bolin d/b/a "The Works Salon & Boutique," L'Oreal USA, Inc., and Matrix.  On personal knowledge of her own circumstances and upon investigation and information and belief of her counsel, the minor plaintiff Merrill alleges the following:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) (1) because this civil action involves citizens from different states and the amount in controversy exceeds $75,000.00.  Venue is proper as the acts and omissions complained herein occurred in Columbus, Kansas.

## COUNT I
## Strict Liability/Product Defect Against
## L'Oreal USA, Inc., and Matrix

COMES NOW, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, and for Count I of her cause of action against Defendants L'Oreal USA, Inc., and Matrix, states to this Court as follows:

1. Plaintiff A.M., a minor, and her Next Friend, Lisa Merrill, are and were at all times relevant, individuals residing in Joplin, Jasper County, State of Missouri.

2. At the time of this incident, on or about January 14, 2022, plaintiff A.M. was fifteen years old and a minor.

3. Defendants L'Oreal USA, Inc., and Matrix are, and were at all times mentioned herein, corporations doing business as L'Oreal USA, Inc.

4. Defendants placed hair products, specifically Matrix Light Master, into the stream of commerce with the intent and expectation, through their marketing and sales efforts, that said haircare products would be sold in Kansas when said haircare products were not reasonably fit for the ordinary purpose for which they were designed, and were in a defective, unsafe, and imminently dangerous condition.

5. As a direct and proximate result of the defective condition of said product when sold, Plaintiff A.M., a minor, sustained personal injuries as hereinafter more particularly alleged.

6. On or about January 14, 2022, the minor Plaintiff went to Defendant "The Works Salon & Boutique" in Columbus, Kansas. Defendant Monica Napier applied Matrix Light Master into the minor Plaintiff's hair. When said product was applied to A.M.'s head, her hair began to fall out in copious amounts. Further, the product burned Plaintiff A.M.'s scalp and caused pruritis and permanent scalp damage.

7. At all times herein mentioned, the aforesaid haircare product was defectively designed and/or defectively manufactured and otherwise in a defective condition, imminently and unreasonably dangerous when put to a reasonable, foreseeable and anticipated use in that the haircare product caused the minor Plaintiff A.M.'s hair to fall out, burned her scalp, caused pruritis and permanent scalp damage.

8. At all times herein mentioned, the subject haircare product was being used in a manner reasonably foreseeable and reasonably anticipated by Defendants.

9. As a direct and proximate result of the defective design, manufacture and/or the defective condition of said product when sold, the minor Plaintiff was caused to sustain serious, painful injuries and related conditions, including hair loss, burning and blistering of the scalp, caused pruritis and permanent scalp damage. Furthermore, the minor Plaintiff was required to undergo medical care and treatment for her injuries.

10. As a further direct and proximate result of the defective design, manufacture and/or unreasonably defective condition of said product, the minor Plaintiff was caused to incur certain items of special damages, including, but not limited to, medical care and treatment, and will endure future medical care and treatment as a result of this injury.

11. Minor Plaintiff underwent painful suffering in that her scalp was burned, and A.M. lost a significant portion of her hair. As a result thereof, the minor Plaintiff suffered pain and suffering, injuries, and damages. Further, minor Plaintiff's ability to enjoy life has been impaired and limited in that she suffered severe embarrassment and emotional distress following the loss of her hair and is likely to suffer additional pain, embarrassment, and emotional distress in the future.

WHEREFORE, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, prays judgment on Count I of her complaint against Defendants L'Oreal USA, Inc., and Matrix, for the cost of this suit and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT II
### Strict Liability/Failure to Warn Against
### L'Oreal USA, Inc. and Matrix

COMES NOW, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, and for Count II of her cause of action against Defendants L'Oreal USA, Inc., and Matrix states the following:

12. Minor Plaintiff realleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in Count I of this Complaint and incorporates by reference paragraphs numbered 1 through 11 herein above.

13. The aforementioned haircare product was unreasonably dangerous when put to a foreseeable and reasonably anticipated use without knowledge of its characteristics.

14. Defendants did not give an adequate warning of this danger.

15. The haircare product was used in a manner foreseeable and reasonably anticipated.

16. As a direct and proximate result of the defective design, manufacture and/or the defective condition of said product when sold, Plaintiff, a minor, sustained personal injuries as hereinafter more particularly alleged.

17. As a direct and proximate result of the defective design, manufacture and/or the defective condition of said product when sold, the minor Plaintiff was caused to sustain serious, painful injuries and related conditions, including, but not necessarily limited to excessive hair loss, burning of the scalp, caused pruritis and permanent scalp

damage. The minor Plaintiff was required to undergo medical treatment and care for her injuries and will endure future medical treatment and care.

18.  As a further direct and proximate result of the defective design, manufacture and/or unreasonably defective condition of said product, minor Plaintiff was caused to incur certain items of special damages, including, but not limited to, medical care and treatment.

19.  Plaintiff, a minor, underwent painful suffering in that her scalp was burned, and the minor Plaintiff lost a significant portion of her hair. As a result thereof, the minor Plaintiff suffered pain and suffering, injuries, and damages. Further, minor Plaintiff's ability to enjoy life has been impaired and limited in that she suffered severe embarrassment and emotional distress following the loss of her hair and is likely to suffer additional pain, embarrassment and emotional distress in the future.

WHEREFORE, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, prays judgment on Count II of her Complaint against Defendants L'Oreal USA, Inc., and Matrix, for the cost of this suit and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT III
### Negligence Against Defendants L'Oreal USA and Matrix

COMES NOW, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, and for Count III of her cause of action against Defendants L'Oreal USA, Inc., and Matrix, states the following:

20. Plaintiff, a minor, realleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in Counts I and II of this Complaint and incorporates by reference paragraphs numbered 1 through 19 herein above.

21. The injuries sustained by Plaintiff A.M., a minor, were a direct and proximate result of the negligence and carelessness of Defendants in distributing and application of the aforementioned hair products that were defective and defectively designed in that said hair products burned the minor Plaintiff's scalp resulting in serious injuries.

22. As a direct and proximate result of the defective condition of said product when sold, Plaintiff, a minor, sustained personal injuries as hereinafter more particularly alleged.

23. As a direct and proximate result of the defective design, manufacture and/or the defective condition of said product when sold, Plaintiff A.M., a minor, was caused to sustain serious and painful injuries and related conditions, including, but not necessarily limited to, excessive hair loss, burning of the scalp, caused pruritis and permanent scalp damage. Minor Plaintiff was required to undergo medical treatment and care for her injuries and will endure future medical treatment and care.

24. As a further direct and proximate result of the defective design, manufacture and/or unreasonably defective condition of said product, Plaintiff, a minor, was caused to incur certain items of special damages, including, but not limited to medical care and treatment.

25. Plaintiff, a minor, underwent painful suffering in that her scalp was burned, and Plaintiff, a minor, lost a significant portion of her hair. As a result thereof, the minor Plaintiff suffered pain and suffering, injuries, and damages. Further, minor Plaintiff's ability to enjoy life has been impaired and limited in that she suffered severe embarrassment and emotional distress following the loss of her hair and is likely to suffer additional pain, embarrassment and emotional distress in the future.

WHEREFORE, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, prays judgment on Count III of her Complaint against Defendants L'Oreal USA, Inc., and Matrix, for the cost of this suit and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT IV
## Negligence Against Jamie Bolin
## d/b/a "The Works Salon & Boutique"

COMES NOW, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, and for Count IV of her cause of action against Defendants Jamie Bolin d/b/a The Works Salon & Boutique, states the following:

26. Plaintiff, a minor, realleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in Counts I through III of this Complaint and incorporates by reference paragraphs numbered 1 through 25 hereinabove.

27. The injuries sustained by Plaintiff A.M., a minor, were a direct and proximate result of the negligence and carelessness of Defendant Jamie Bolin d/b/a The Works Salon and Boutique in the application of the aforementioned hair products.

28. Defendant Monica Napier was a teammate and an employee of Defendant Jamie Bolin d/b/a The Works Salon. Defendant Jamie Bolin d/b/a The Works Salon failed to train and supervise her employees, specifically Defendant Monica Napier on January 14, 2022, which was a direct and proximate result of the lack of training of said products. Plaintiff, a minor sustained personal injuries as hereinafter more particularly alleged.

29. As a direct and proximate result of the negligence and lack of training and supervision, Plaintiff A.M., a minor, was caused to sustain serious and painful injuries and related conditions, including, but not necessarily limited to excessive hair loss, burning of the scalp, caused pruritis and permanent scalp damage. Minor Plaintiff was required to undergo medical treatment and care for her injuries and will endure future medical treatment and care.

30. As a further direct and proximate result of the negligence and lack of training and supervision, Plaintiff, a minor, was caused to incur certain items of special damages, including, but not limited to, medical care and treatment.

31. The minor Plaintiff underwent painful suffering in that her scalp was burned, and Plaintiff, a minor, lost a significant portion of her hair. As a result thereof, Plaintiff, a minor, suffered pain and suffering, injuries, and damages. Further, minor Plaintiff's ability to enjoy life has been impaired and limited in that she suffered severe embarrassment and emotional distress following the loss of her hair and is likely to suffer additional pain, embarrassment and emotional distress in the future.

WHEREFORE, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, prays judgment on Count IV of her Complaint against Defendants Jamie Bolin d/b/a The Works Salon & Boutique, for the cost of this suit and for such other and further relief as this Court may deem just and proper under the circumstances.

## COUNT V
### Negligence Against Monica Napier

COMES NOW, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, and for Count V of her cause of action against Defendant Monica Napier, states the following:

32. Plaintiff, a minor, realleges and incorporates by reference, as if fully set forth herein, each and every allegation contained in Counts I through IV of this Complaint and incorporates by reference paragraphs numbered 1 through 31 hereinabove.

33. The injuries sustained by Plaintiff A.M., a minor, were a direct and proximate result of the negligence and carelessness of Defendant Monica Napier in the application of the aforementioned hair products.

34. Defendant Monica Napier was a teammate and an employee of Defendant Jamie Bolin d/b/a The Works Salon. Defendant Monica Napier applied Defendant Matrix's product on Plaintiff A.M., a minor, on January 14, 2022, at Defendant Jamie Bolin d/b/a The Works Salon, which as a direct and proximate cause of negligence, minor Plaintiff sustained personal injuries as hereinafter more particularly alleged.

35. As a direct and proximate result of the negligence and lack of training, Plaintiff A.M., a minor, was caused to sustain serious and painful injuries and related conditions, including, but not necessarily limited to, excessive hair loss, burning of the scalp, caused pruritis and permanent scalp damage. Minor Plaintiff was required to undergo medical treatment and care for her injuries and will endure future medical treatment and care.

36. As a further direct and proximate result of the negligence and lack of training, minor Plaintiff was caused to incur certain items of special damages, including, but not limited to, medical care and treatment.

37. The minor Plaintiff underwent painful suffering in that her scalp was burned, and Plaintiff, a minor, lost a significant portion of her hair. As a result thereof, Plaintiff, a minor, suffered pain and suffering, injuries, and damages. Further, minor Plaintiff's ability to enjoy life has been impaired and limited in that she suffered severe embarrassment and emotional distress following the loss of her hair and is likely to suffer additional pain, embarrassment and emotional distress in the future.

WHEREFORE, Plaintiff A.M., a minor, by and through her Next Friend, Lisa Merrill, prays judgment on Count V of her Complaint against Defendant Monica Napier, for the cost of this suit and for such other and further relief as this Court may deem just and proper under the circumstances.

Plaintiff designates Kansas City, KS as a place for trial.

STICKLEN • DREYER • TINNEY, P.C.

/s/ *Keegan Tinney*
_____
Keegan Tinney, KS FED Bar #79032
Charles J. Sticklen KS FED Bar #15285
Sarah René Sticklen, KS Bar #29100
1515 E. 32nd Street, Suite 1
Joplin, MO 64804
417-626-9880
417-626-7686 (fax)
keegan@sticklenanddreyer.com
charlie@sticklenanddreyer.com
sarah@sticklenanddreyer.com
ATTORNEYS FOR PLAINTIFF

12